## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary E. Carter

v.

Carey C. Loving

May 13, 1987

Case No. LK-1227-2

By JUDGE T. J. MARKOW

Before me is defendant's motion to set aside the verdict as being excessive and to order a remittitur or to award a new trial on all issues. Briefs of both parties have been reviewed.

This case arises from an auto accident occurring on December 20, 1985, when defendant's car struck plaintiff's after skidding during a snow fall. There was no evidence of aggravating conduct by the defendant.

Plaintiff testified that she was so upset by the accident that she had to be driven to the hospital by her passenger. She was seen at the hospital for neck and back pain, released that day, and told to contact her doctor. She was confined to bed until December 23, 1985, when she went to an orthopaedist who diagnosed her condition as acute cervical strain, which was treated by medication, exercise, and bed rest. Discomfort prevented plaintiff from participating in the usual family holiday activities. While complaining of pain and discomfort, plaintiff did not see the doctor again until February 11, 1986. She was seen again on March 4, 1986, and was found much better and was with little discomfort. On her May 6, 1986, visit, plaintiff reported no complaints and was released from the doctor's care. There is no evidence of permanent disability, lost wages, lessening of earning capacity; nor was there any evidence of the amount of her medical

bills and associated expenses. No evidence of the amount of special damages was offered, nor is there any evidence of any anticipated future losses or expenses. The jury returned a verdict of $20,000.

If at all possible, it is the duty of the trial court to uphold the sanctity of the verdict, if it has been fairly rendered. *Smithey v. Sinclair Refining Company*, 203 Va. 142 (1961). The issue is whether this verdict was fairly rendered. Whether the judge would have rendered a lower verdict is not the question, but if the verdict is:

> so excessive as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Id.* at 146. Cited with approval in *Hogan v. Carter*, 226 Va. 361 (1983); *Bassett Furniture v. McReynolds*, 216 Va. 897 (1976).

In considering the injuries in this case, the lack of evidence of lost wages or lessening of earning capacity, or the amount of medical expenses or any other special damages, the jury awarded $20,000 solely on account of noneconomic losses. For a cervical strain injury requiring only four visits to a doctor, treated by an indeterminate but minor confinement for bed rest, indefinite usage of medication, exercises, absence of problems within five months resulting in no permanent disability, disfigurement, humiliation or embarrassment, the court is of the opinion that the award is so out of proportion to the injuries as to suggest that it is not the product of a fair and impartial decision. Consequently, the defendant's motion to set aside the verdict is granted. Plaintiff will be required to remit $10,000 or submit to a new trial.